Harold WILLIAMS d/b/a Williams Moving Company, Plaintiff,

v.

UNITED STATES DEPARTMENT OF LABOR; Secretary of Labor, United States Department of Labor; Finance and Accounting Officer, Headquarters, U.S. Army; Base Procurement Officer, Scott Air Force Base; Base Procurement Officer, Department of the Air Force, Blytheville Air Force Base; Treasurer of the U.S. Claims Division, General Accounting Office, Defendants.

No. S80–0039C.

United States District Court, E. D. Missouri, Southeastern Division.

Dec. 14, 1981.

Frederick M. Switzer, III, Mary Webster Murphy, Fordyce & Mayne, St. Louis, Mo., for plaintiff.

Thomas E. Dittmeier, U.S. Atty. by Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, plaintiff's motion for summary judgment will be denied and defendants' motion for summary judgment will be granted.

Plaintiff Harold Williams seeks a judicial review of an adjudicated action taken by the Assistant Secretary, Employment Standards Administration, and the Department of Labor against plaintiff based upon the Service Contract Act of 1965, as amended, 41 U.S.C. §§ 351 et seq. Plaintiff seeks a declaration by this Court that the action taken by the Secretary is in excess of de-fendant's statutory authority and jurisdiction, that it is unlawful, arbitrary, capricious, an abuse of discretion, and that the decision of the administrative law judge and administrator were unsupported by the preponderance of the evidence of record in the administrative proceedings, and are contrary to law. Plaintiff seeks temporary and permanent injunctive relief, money damages, attorney's fees, and costs.

Based upon a review of the transcripts of the hearing held before Administrative Law Judge Robert Feldman, and the pleadings, motions, briefs and memoranda submitted to this Court, the following findings are made.

Plaintiff is engaged in the moving and storage business having his principal place of business in Dexter, Missouri. He is a licensed motor carrier in interstate and intrastate commerce, holding a certificate of public convenience and necessity issued by the Interstate Commerce Commission, and holding the requisite certificates and permits to operate as a common carrier in the states of Missouri and Illinois among other states. The Department of the Air Force, Base Procurement Office, Scott Air Force Base, Illinois awarded to plaintiff contracts in 1975 (No. F11623–75–90066) and 1976 (No. F11623–76–90062) in the amounts of Seventeen Thousand Five Hundred and Seventy Dollars ($17,570) and Ninety Eight Thousand Five Hundred and Fifty Dollars ($98,550) respectively. Performance of the contracts was administered by the traffic management office of Scott Air Force Base in St. Clair County, Illinois. Each of the contracts especially provided for performance of the services in conformance with military standards (MIL–STD) 212 "Preparation of Household Goods for Shipment or Storage and Related Services." Each of the contracts contained provisions explicitly incorporating the dictates of the Service Contract Act and pertinent regulations promulgated thereunder into the form of the agreement. The contracts were performed in the United States through the use of service employees as defined in 41 U.S.C. § 357(b).

In violation of the Act, plaintiff failed to pay service employees employed in the performance of the contracts the minimum monetary wages and fringe benefits specified in the wage determinations attached to the contracts in accordance with 42 U.S.C. § 351(a)(1) and (2) and (b)(1) and the regulations promulgated thereunder, 29 C.F.R. part 4. The respondent failed to make and maintain and to make available to authorized representatives of the Administrator of the Wage and Hour and Public Contracts Division of the United States Department of Labor separate and adequate records for the daily and weekly hours worked by each service employee in the performance of the two contracts.

The intent of the contracts is to provide Scott Air Force Base with packing and crating of household goods for the relocation of military personnel. Since most of the transportation of these goods is executed by other movers who do the long distance hauling, the above contracts are not for carriage but rather for packing and crating, as accurately characterized and held by the Administrative Law Judge herein.

The Administrative Law Judge further held inapplicable the exemption contained in 41 U.S.C. § 356(3) which provides:

This Act shall not apply to . . .

(3) any contract for the carriage of freight or personnel by vessel, airplane, bus, truck, express, rail line or oil or gas pipeline where published tariff rates are in effect.

The Judge held that the contracts at issue were not in fact contracts for the carriage of freight by truck where published tariff rates were in effect. Upon review of the evidence presented below, it is this Court's opinion that such holding was not clearly arbitrary, capricious or contrary to the evidence nor was it not supported by a preponderance of the evidence. It is therefore proper that the decision of Judge Robert Feldman be affirmed.